**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Frederick Freeman DARSEY, Defendant-Appellant.**

**No. 28507.**

United States Court of Appeals,
Fifth Circuit,

Aug. 20, 1970.

Wisdom, Circuit Judge, dissented in part, concurred in part, and filed opinion.

John C. Ciolino, New Orleans, La. (court appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Bernard H. Dempsey, Jr., Asst. U. S. Atty., Oscar Blasingame, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JONES, WISDOM and COLEMAN, Circuit Judges.

PER CURIAM:

The appellant, Frederick Freeman Darsey, was charged by a 4-count indictment with violations of 47 U.S.C.A. § 223.[1] The first two counts charged the use of obscene language in interstate telephone calls and the third and fourth counts charged him with the making of interstate telephone calls for the purpose of harassment. Darsey was tried before the court without a jury. He was

---

1. "Whoever—
    (1) in the District of Columbia or in interstate or foreign communication by means of telephone—
    (A) makes any comment, request, suggestion or proposal which is obscene, lewd, lascivious, filthy, or indecent;

    (B) makes a telephone call, whether or not conversation ensues, without disclosing his identity and with intent to annoy, abuse, threaten, or harass any person at the called number;
    (C) makes or causes the telephone of another repeatedly or continuously to ring, with intent to harass any person at the called number; or
    (D) makes repeated telephone calls, during which conversation ensues, solely to harass any person at the called number; or

    *       *       *       *       *

shall be fined not more than $500 or imprisoned not more than six months, or both."

found guilty of the charges contained in counts 1, 2 and 4 of the indictment and found not guilty of the charge contained in count 3 of the indictment. He was sentenced to six months' imprisonment on each of the three counts of which he had been convicted, with the sentences to run consecutively. The principal contentions made on appeal are that the language which the appellant used was not in violation of the statute under counts 1 and 2 and was not nor intended to be harassment as charged in count 4. We find no error in the district court's determination of guilt. The other question raised on the appeal is wholly without merit. The judgment and sentence of the district court is

Affirmed.

WISDOM, Circuit Judge, dissenting in part, concurring in part:

Counts one and two of the indictment charge defendant Darsey with having made "obscene, lascivious, filthy, and indecent comment and suggestion" to his wife's attorney on two occasions, in violation of 47 U.S.C. § 223.

Darsey and his wife are divorced. They have been engaged in an unseemly, bitter feud over the affections of their six-year old son who is now in the mother's custody.[1] Over a period of four or five months, Darsey harassed his wife's attorney by repeatedly making long-distance telephone calls to her, some only a few minutes apart. He placed these calls from New York to the attorney's residence in Sarasota, Florida. Some were calls to the son, some station-to-station calls, some calls to the attorney; almost all were collect calls which the attorney declined to accept. Darsey contends that he was actuated by his concern for his son's welfare and that all the telephone calls were either to talk with the boy or to obtain information about him. According to Mrs. Darsey

and her attorney, Darsey's sole purpose was to harass the attorney.

In justice to the defendant, I feel impelled to describe, if not to denominate, the offensive words. The so-called obscenity in count one was a derogatory appellation of two words—a participial adjective and a noun. The defendant used only the noun in the name-calling charged in count two.

The noun, as the defendant used it, is an insulting and defamatory pseudo-scientific term of classical origin. It is not obscene by any standard the courts have established for determining obscenity. It does not fit within any of the broad categories listed as offensive in Section 223. The participial adjective is a well-worn but not worn-out vulgarism of Anglo-Saxon origin used in a variety of situations as an intensifying modifier. Here it was used to blow off steam. It was an isolated emotional out-burst of a frustrated and defeated man. By no stretch of Comstock's imagination could either word or both together be construed as stimulating the prurient interest of the distraught defendant or the attorney who received the telephone call.

The statute was aimed at a person who telephones another, that other often unknown, because of a perverted compulsion to engage in "obscene, lascivious, filthy, or indecent" "comment or suggestion." 2 U.S.Code and Administrative News, pp. 1915–1922 (1968). I would not apply the statute to a remark blurted out in a fit of pique by an emotionally upset divorced husband with a low boiling point who became overheated when he could not reach his son or obtain information about him.

No doubt the name-calling humiliated and insulted Mrs. Darsey's attorney, but at most it was simply additional annoying harassment. Twelve months imprisonment for two uncouth remarks made

---

1. Before the Darseys were legally separated, Mrs. Darsey, with her son, left her husband. Darsey testified that it took six months to find her. Before the divorce, Darsey "kidnapped" the child, who was later returned to Florida on a writ of habeas corpus.

in a fit of anger is a shocking reflection on the administration of justice.[2]

I concur in affirming the conviction on count four.

---

**2.** To my mind this case raises substantial questions of law not discussed in the skimpy brief filed by counsel for the appellant: (1) Does Section 223 require scienter? (2) Are the defendant's offensive expressions within the intendment of the statute? (3) If they are within the intendment of the statute, is the statute compatible with the First Amendment?